■ IDT CORPORATION, Appellant, v MORGAN STANLEY DEAN WITTER & Co. et al., Respondents. [50 NYS3d 322]—

Judgment, Supreme Court, New York County (Jeffrey K.

Oing, J.), entered July 17, 2015, granting defendants' motion for summary judgment dismissing the remaining sixth and seventh causes of action, unanimously affirmed, with costs.

This is a dispute between IDT Corporation and its former investment banker, Morgan Stanley Dean Witter & Co. and Morgan Stanley & Co., Inc. (together Morgan Stanley), in which IDT claims that Morgan Stanley induced another of its clients, Telefónica Internacional, S.A. (Telefónica) to breach a contract with IDT. Plaintiff's remaining causes of action for fraudulent misrepresentation and fraudulent concealment allege that in response to a subpoena issued in an arbitration proceeding between IDT and Telefónica, Morgan Stanley failed to produce key documents in its possession, and affirmatively represented that such evidence did not exist. IDT claims that had the documents, which were subsequently produced in the instant action, and which arguably show that Morgan Stanley induced or advised Telefónica to breach its contract with IDT, been produced in response to the subpoena in the arbitration proceeding, the arbitration panel would have found that the breach occurred in June 2000 rather than in October 2000, which would have resulted in IDT obtaining a much larger recovery in the arbitration proceeding.

The motion court dismissed these claims, holding that Morgan Stanley did not make a misrepresentation to IDT with respect to its document production, and even if it did, IDT cannot demonstrate that it actually and reasonably relied on Morgan Stanley's misrepresentation. We agree.

Moreover, even if the arbitration panel had been presented with the newly-produced documents, and found that they established that Telefónica, as a result of Morgan Stanley's inducement, had an intent, at a June 2000 meeting, to breach its agreement with IDT and replace it with a new partner, this would not have altered the panel's factual finding that at that June 2000 meeting, Telefónica informed IDT of its need to renegotiate the terms of the agreement, but did not give IDT the type of "take it or leave it" ultimatum that could constitute an anticipatory repudiation under the applicable Florida law (*see Mori v Matsushita Elec. Corp. of Am.*, 380 So 2d 461, 463 [Fla Dist Ct App 1980] [prospective breach of contract occurs when there is an absolute repudiation by one of the parties prior to the time when performance is due that distinct and unequivocal], *cert denied* 389 So 2d 1112 [Fla 1980]). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.